IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTWAN MATTHEWS                                                                                             PLAINTIFF
ADC #108865

v.                                            4:22-cv-01242-LPR-JJV

SUSAN POTTS, Jail Administrator,
Drew County Jail Facility, *et al.*                                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Antwan Matthews ("Plaintiff") has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging he was subjected to inhumane conditions of confinement at the Drew County Detention Facility, that he told Jail Administrator Susan Potts and Jailor Barbra Parnell about the conditions, and they failed to correct them. (Doc. 1.) Plaintiff has also named the Drew County Jail as a Defendant. (*Id*.) And he brings his claims against all three Defendants in their official and personal capacities. (*Id*.) After careful consideration and for the following reasons, I

recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, it is well settled jails are not proper defendants in § 1983 actions. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008). Thus, Plaintiff has not pled a plausible claim against the Drew County Jail.

Second, Plaintiff's official capacity claims "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Drew County cannot be held vicariously liable for the other defendants' actions in a § 1983 lawsuit. *See Id.* Instead, Drew County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, Mo.,* 829 F.3d 695, 699 (8th Cir. 2016). Because the Complaint does not contain any such allegations, Plaintiff has not pled a plausible official capacity claim.

Third, Plaintiff says Defendants Potts and Parnell violated internal jail rules when they failed to remedy the unsanitary conditions. But, a § 1983 claim must be based on the violation of a constitutional right, and prisoners do not have a constitutional right to enforce compliance with internal prison rules and regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997).

Fourth, Plaintiff says Defendants Potts and Parnell violated his Eighth and Fourteenth

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Amendment rights, in their personal capacities, by subjecting him to unsanitary conditions. Because Plaintiff says he was a convicted prisoner at the time of the alleged violation (Doc. 1 at 3), his claim falls under the Eighth Amendment. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906-07 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019).

The "Constitution does not mandate comfortable prisons," and thus, only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). To plead a plausible Eighth Amendment claim, a prisoner must provide facts suggesting: (1) objectively, the conditions he endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendant was deliberately indifferent to the risk of harm posed by the conditions. *Hamner,* 937 F.3d at 1178; *Kulkay v. Roy,* 847 F.3d 637, 642-43 (8th Cir. 2017).

Plaintiff says he was subjected to inhumane conditions while he was in punitive isolation in C block, for an unspecified duration, because he did not have running water in his cell to wash his face, brush his teeth, wash his hands after using the bathroom, or drink water. After three days, Plaintiff was taken to the showers, which allegedly contained mold and had a foul smell causing him to "become sick." (Doc. 1 at 4.) Although the conditions in C block were unpleasant, nothing in the Complaint suggests Plaintiff's exposure to them, for an unspecified duration, created a "substantial risk" to his health or safety. *See Thurmond v. Andrews*, 972 F.3d 1007, 1012-13 (8th Cir. 2020) (granting qualified immunity when jail failed to remove non-toxic mold growing in the shower area); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (four-day exposure to raw sewage from overflowing toilet was not a constitutional violation because the detainee "did not allege that he was exposed to disease or suffered any other consequences of the

exposure"); *Tokar v. Armontrout,* 97 F.3d 1078, 1082 (8th Cir. 1996) ("conditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months"). Further, Plaintiff says the trustees did not clean the showers, but he does not claim Defendants refused to provide him with cleaning supplies to do so himself. *See Tokar,* 97 F.3d at 1082, n. 4 (acknowledging whether inmates were provided with cleaning supplies is a relevant when determining if conditions rise to the level of constitutional violation). And, although Plaintiff did not have a faucet in his cell, he does not say he was denied fluids to drink at meals or that he suffered from symptoms of dehydration. *See Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (no constitutional violation when a prisoner, who was confined in a cell without running water, was given liquids three times a day with his meals); *Robinson v. Adams,* No. 5:10-CV-00013-JMM, 2010 WL 4942163 (E.D. Ark. Nov. 9, 2010), *rec. adopted,* 2010 WL 4942159 (E.D. Ark. Nov. 30, 2010) (no constitutional violation when a prisoner was only able to drink water while showering). Thus, I conclude the Complaint does not state a plausible Eighth Amendment violation.

Finally, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint correcting them, and cautioned him I would recommend dismissal if he did not do so. (Doc. 6.) The time for Plaintiff to file an Amended Complaint has passed. Thus, for the reasons explained herein, I recommend his Complaint be dismissed without prejudice for failing to plead a plausible claim for relief.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted, and this case be CLOSED.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 10th day of March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE